## SUPPLEMENT.

[The five opinions following reached me too late for publication in chronological order.—REPORTER.]

STATE OF IOWA v. HENRY NEESON, Appellant.

**Liquor Nuisance: EVIDENCE:** *Presumptions.* On a trial for keeping a liquor nuisance, a deed of the premises from defendant to his wife, would not raise the presumption that she was the proprietor of the business, where it appeared that defendant and his family lived on the premises, and that defendant conducted the business.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

MONDAY, OCTOBER 7, 1895.

*W. S. Sickman* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

GIVEN, C. J.—The defendant was convicted of the crime of keeping a liquor nuisance, and judgment entered against him, from which he appeals. Of the errors assigned, only two are insisted upon, namely: (1) "That the verdict is against the weight of, and unsupported by, the evidence received in this case; (2) that the court committed error in refusing to receive in evidence, on behalf of the defendant, the deed offered in evidence." In support of the first, it is argued that there is no evidence tending to show that the defendant was the proprietor of the place at which liquors were sold in violation of law. We will not set out nor discuss the evidence. It is sufficient

to say that, in our opinion, it fully warranted the jury in finding that the defendant kept the place in question. Defendant offered in evidence a warranty deed, from himself to his wife, conveying the property in question, dated in 1887, to which plaintiff's objection was sustained. Appellant insists that he had a right to prove ownership of the property to be in his wife, and argues that a legal presumption would arise from such ownership that his wife, and not he, was the proprietor of the business conducted in that place. No such presumption could arise under the facts of this case. The defendant and his family occupied parts of the premises as a residence, and the evidence leaves no doubt but that the defendant was conducting the business that was there carried on. It was the grantor of the deed who was offering it in evidence, and, under the uncontroverted facts, the presumption claimed could not arise as between him and his wife. The judgment of the district court is AFFIRMED.